**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 07-4165**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CARLYLE LAVAR ALVAREZ, a/k/a Chico,

Defendant - Appellant.

---

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg.  Irene M. Keeley, Chief District Judge.  (3:05-cr-00075-WCB)

---

Submitted:  August 3, 2007        Decided:  August 15, 2007

---

Before MICHAEL and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

William C. Gallagher, CASSIDY, MYERS, COGAN & VOEGELIN, L.C., Wheeling, West Virginia, for Appellant.  Sharon L. Potter, United States Attorney, Thomas O. Mucklow, Assistant United States Attorney, Martinsburg, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Carlyle Lavar Alvarez appeals from the district court's order denying his motion for an extension of time to file a notice of appeal of his criminal judgment. We previously dismissed Alvarez's direct appeal as untimely filed. Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that, in his opinion, there are no meritorious issues for appeal, but raising the issue of whether the district court abused its discretion in failing to find excusable neglect in denying Alvarez's motion to file a notice of appeal out of time. We affirm.

Alvarez's judgment was entered on August 1, 2006. The time period for Alvarez to file a notice of appeal expired on August 15, 2006. See Fed. R. App. P. 4(b), 26(a). Alvarez filed his pro se notice of appeal at the earliest on October 28, 2006. He filed a motion for extension of time to file notice of appeal on December 13, 2006, arguing that his attorney did not file an appeal as he requested. The court denied the motion by order entered December 21, 2006.

The district court may grant an extension of time up to thirty days after the expiration of the appeal period, if there is a finding of good cause or excusable neglect. Fed. R. App. P. 4(b)(4). The district court only has authority, however, "to extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed

by this Rule 4(b)." Fed. R. App. P. 4(b)(4). The time periods presented in Rule 4(b) are mandatory and jurisdictional. <u>United States v. Raynor</u>, 939 F.2d 191, 196 (4th Cir. 1991). As the notice of appeal and motion for extension of time in this case were filed well outside the excusable neglect period provided in Rule 4(b)(4), the district court had no jurisdiction to grant the extension.

Accordingly, we affirm the district court's order denying Alvarez's motion for an extension of time to file his notice of appeal.[*] This court requires that counsel inform Alvarez, in writing, of the right to petition the Supreme Court of the United States for further review. If Alvarez requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Alvarez. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

---

[*]In his <u>Anders</u> brief, counsel also raises substantive claims pertaining to Alvarez's conviction and sentence. On review of an <u>Anders</u> appeal, we typically review the record in the case for any meritorious issues. Having already dismissed Alvarez's appeal as untimely filed and finding no error in the court's order denying his motion to extend time to file a notice of appeal, in this case, we do not reach the merits of Alvarez's substantive claims.